UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT RODRIGUEZ, on behalf of himself and others similarly situated,

    Plaintiffs,

-against-

VED PARKASH 3990 LLC; VED PARKASH; ANURAG PARKASH; and/or any other related entities,

    Defendants.

Case No.:

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, ROBERT RODRIGUEZ, by his attorneys, Leeds Brown Law, P.C., alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to 29 U.S.C. §§ 200 et seq., New York Labor Law ("NYLL") §§ 190 et seq., NYLL §§ 650 et seq., and 12 New York Codes, Rules and Regulations ("NYCRR") Part 140, to recover unpaid overtime wages, other wages, and penalties owed to Named Plaintiff, opt-in Plaintiffs pursuant to § 216(b), and other similarly situated workers by VED PARKASH 3990 LLC; VED PARKASH; ANURAG PARKASH; and/or any other related entities, (collectively referred to as "Defendants").

2. Upon information and belief, beginning in approximately June 2011 and continuing through June 2017, Defendants have engaged in a policy and practice of improperly withholding wages from its employees, including overtime compensation.

3. Upon information and belief, beginning in approximately June 2011 and continuing through June 2017, Defendants have engaged in a policy and practice of requiring Plaintiff, and upon information and belief, putative to regularly work more than 40 hours per week, without

1

providing overtime compensation as required by applicable law.

4. Plaintiff has initiated this action seeking unpaid wages and other wages he was deprived of – plus interest, attorneys' fees, and costs.

## THE PARTIES

5. Plaintiff ROBERT RODRIGUEZ ("Plaintiff") is an individual who resides in the State of New York, and who worked for Defendants as a superintendent and building maintenance person from approximately December 2013 through March 2017.

6. Upon information and belief, Defendant PARKASH 3990 LLC is a domestic limited liability company organized and existing under the laws of the State of New York, with a headquarters and principal place of business located at 172-14 89th Ave., Jamaica, NY 11432.

7. Upon information and belief, Defendant VED PARKASH is a manager, supervisor, controller, and/or administrator of PARKASH 3990 LLC, and has a principal place of business at 172-14 89th Ave., Jamaica, NY 11432 and participated in the day-to-day operations of PARKASH 3990 LLC.

8. Upon information and belief, Defendant ANURAG PARKASH is a manager, supervisor, controller, and/or administrator of PARKASH 3990 LLC, and has a principal place of business at 172-14 89th Ave., Jamaica, NY 11432 and participated in the day-to-day operations of PARKASH 3990 LLC.

9. Upon information and belief, Defendant VED PARKASH is the president and/or owner of Corporate Defendant PARKASH 3990 LLC, and: (1) had the power to fire and hire employees for PARKASH 3990 LLC; (2) supervised and controlled employee work schedules or conditions of employment for PARKASH 3990 LLC; (3) determined the rate and method of payment for employees of PARKASH 3990 LLC; (4) maintained employment records for

PARKASH 3990 LLC.

10. Upon information and belief, Defendant ANURAG PARKASH is the president and/or owner of Corporate Defendant PARKASH 3990 LLC, and: (1) had the power to fire and hire employees for PARKASH 3990 LLC; (2) supervised and controlled employee work schedules or conditions of employment for PARKASH 3990 LLC; (3) determined the rate and method of payment for employees of PARKASH 3990 LLC; (4) maintained employment records for PARKASH 3990 LLC.

11. Defendants are a single and/or joint employer under the NYLL in that they share a common business purpose and ownership, and maintain common control, oversight and direction over the operations of the work performed by the Plaintiff, including payroll practices.

12. Upon information and belief, each Defendant has had substantial control of the Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

## FACTS

13. Plaintiff Robert Rodriguez worked for Defendants from approximately December 2013 through March 2017, as a superintendent, and building maintenance person.

14. During Plaintiff's employment with Defendants, he typically worked approximately 50 to 55 hours in a given workweek.

15. Plaintiff regularly worked 6 or 7 days a week and typically worked shifts that lasted from approximately 8:00 a.m. to 5:30 p.m. Monday through Friday, 8:00 a.m. to 2:00 p.m. on Saturday, and/or 9:00 a.m. to 6:00 p.m. on Sunday.

16. From approximately December 2013 through March 2017, Defendants paid the Plaintiff a flat weekly wage of $300 each week, plus allowed him to live in one of the Defendants' apartment rental units.

17. Despite regularly working more than 40 hours in a given workweek, Defendants failed to compensate Plaintiff with overtime compensation at a rate of one and one half times his regular hourly rate.

18. Plaintiff received only the same flat weekly salary regardless of the total amount of hours worked.

19. Further, Defendants failed to compensate Plaintiff for all the hours worked above the 40 hours in a given week, despite typically requiring him to work approximately 10 to 15 overtime hours per week.

20. Moreover, Defendants failed to provide the Plaintiff with written notices of his respective payrate.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS:**
**FLSA OVERTIME WAGE COMPENSATION**

21. Defendants are employers within the meaning contemplated, pursuant to 29 U.S.C. § 203(d) and case law interpreting the same.

22. Defendants are employers of Plaintiff and, upon information and belief, similarly situated employees.

23. Plaintiff and, upon information and belief, putative collective members are employees within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

24. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the above specified rate at a rate not less than one and one-half times the regular rate at which he is employed."

25. Plaintiff regularly worked approximately 50 to 55 hours in a typical workweek.

26. From Plaintiffs interactions with other employees, Plaintiff understood that putative class members worked similar schedules and were paid in the same manner.

27. Plaintiff and putative collective members did not receive overtime compensation at the rate of one and one-half times their regular rate for all hours worked in excess of 40 hours in any given week.

28. Consequently by failing to pay Plaintiff and, upon information and belief, putative collective members, all of their overtime compensation, Defendants violated FLSA 29 U.S.C. § 207.

29. Upon information and belief, the failure of Defendants to pay overtime compensation was willful.

30. Plaintiff and, upon information and belief, putative collective members are not exempt from overtime payment pursuant to the FLSA.

31. By the foregoing reasons, Defendants are liable to Plaintiff and putative collective members in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS:**
**NEW YORK OVERTIME WAGE COMPENSATION**

32. Defendants are employers, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

33. Defendants are employers as defined by the NYLL, its implementing regulations, and case law interpreting the same.

34. Plaintiff and similarly situated employees are employees within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

35. Plaintiff and putative class members constitute "employees" as that term is defined under NYLL § 190 *et seq.* and case law interpreting the same.

36. 12 NYCRR § 141-1.4 requires that "an employer shall pay an employee, except a janitor in a residential building, for overtime at a wage rate of 1 ½ times the employee's regular rate for hours worked in excess of 40 hours in a workweek."

37. NYLL Article 19 § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

38. Plaintiff regularly worked in excess of 40 hours per week, typically working approximately 60 to 80 hours per week.

39. Upon information and belief, putative class members regularly worked in excess of 40 hours per week.

40. Plaintiff and, upon information and belief, putative class members, did not receive overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in any given week.

41. Defendants did not provide payroll receipts that accurately reflect the total amount of hours worked and corresponding wages earned for Plaintiff and, upon information and belief, putative class members.

42. Consequently, by failing to pay to Plaintiff and, upon information and belief, putative class members, all their overtime compensation, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 141-1.4.

43. Upon information and belief, Defendants' failure to pay overtime compensation was willful.

44. By the foregoing reasons, Defendants have violated NYLL Article 19 § 663 and 12 NYCRR § 141-1.4 and are liable to Plaintiff and putative class members in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK WAGE THEFT NOTICE

45. Pursuant to NYLL Article 6, Defendants are employers within the meaning contemplated, pursuant to New York NYLL Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

46. Plaintiff and, upon information and belief, putative class members, are employees within the meaning contemplated, pursuant to NYLL § 651(5) and the implementing New York State Department of Labor Regulations.

47. NYLL § 195(1) requires an employer such as Defendants, at commencement of employment or at any time period in which the employee's wages are changed, to "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, … a notice containing… the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances."

48. NYLL § 195(3) requires an employer such as Defendants to "furnish each

employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked . . . ."

49. 12 NYCRR § 141-2.2 requires that "every employer covered by this part shall furnish to each employee a statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages. In the case of janitors, the number of units shall be recorded in the place of hours worked."

50. Plaintiff and, upon information and belief, putative class members, did not receive the required yearly wage notice or required weekly wage statements pursuant to NYLL § 195.

51. Plaintiff and putative class members did not receive either notice upon hiring or at the time their wage rates were changed pursuant to NYLL § 195.

52. Plaintiff and putative class members did not receive proper paystubs pursuant to 12 NYCRR § 141-2.2.

53. By the foregoing reasons, Defendants have violated NYLL § 195 and 12 NYCRR § 141-2.2 and are liable to Plaintiff and putative class members for the penalties set forth in NYLL § 198, post-judgment interest, attorneys' fees, and the costs and disbursements of this action.

# FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY WAGES

54. Pursuant to Article 6 of NYLL, workers such as Plaintiff are protected from wage underpayments and improper employment practices. Pursuant to NYLL § 190, the term "employee" means "any person employed for hire by and employer in any employment."

55. As persons employed for hire by Defendants, Plaintiff and, upon information and belief, putative class members, are "employees" as understood in NYLL § 190.

56. Pursuant to NYLL § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

57. As the persons/entities that hired, directed, and controlled the job performance of Plaintiff and, upon information and belief, putative class members, Defendants are employers.

58. Plaintiff's agreed upon wage rate was within the meaning of NYLL §§ 190, 191, and 652.

59. Pursuant to NYLL § 191 and the cases interpreting same, workers such as Plaintiff and putative class members are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

60. During Plaintiff's employment with Defendants, Defendants routinely failed to pay Plaintiff for all hours worked.

61. Defendants routinely failed to pay putative class members for all hours worked.

62. In failing to pay Plaintiff and putative class members wages for time worked, Defendants violated NYLL § 191 and its implementing regulations, including 12 NYCRR Part 141.

63. Pursuant to NYLL § 193, "No employer shall make any deduction from the wages

of an employee," such as Plaintiff and putative class members, that is not authorized by law or by the employee.

64. Defendants failed to the disclose the amount of any housing allowance taken by Defendants, and where therefore ineligible to claim such allowance. Any such amounts deducted from Plaintiff's wages were illegal deductions and violated NYLL §§ 191, 193.

65. By withholding wages from Plaintiff and putative class members, pursuant to NYLL § 193 and the cases interpreting the same, Defendants made unlawful deductions.

66. By the foregoing reasons, pursuant to NYLL § 198, Defendants are liable to Plaintiff and putative class members in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**WHEREFORE**, the Plaintiff, individually and on behalf of others similarly situated who were employed by Defendants, demands judgment:

(1) on the first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

(2) on the second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

(3) on the third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

(4) on the fourth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

(5) together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York  **LEEDS BROWN LAW, P.C.**
June 28, 2017

Brett R. Cohen, Esq.
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorney for Plaintiff*

# CONSENT TO JOIN COLLECTIVE ACTION TO RECOVER UNPAID WAGES

BY SIGNING BELOW I, _Robert Rodriguez_, WISH TO PARTICIPATE IN THIS LAWSUIT TO RECOVER ANY UNPAID WAGES THAT MAY BE OWED TO ME UNDER THE FAIR LABOR STANDARDS ACT AGAINST _Ved Parkash LLC_ AND ANY AFFILIATED ENTITIES AND OWNERS OF THIS COMPANY.

I hereby appoint Jeffrey K. Brown, Michael A. Tompkins, and Brett R. Cohen of the law firm Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, NY, 11514-1851, telephone (516) 873-9550.

Name (print) : _Roberto Rodriguez_
Address : ███
City : ███ State : _N.Y._ Zip Code: ███
Signature : _Roberto Rodriguez_ Date: _6-13-17_